In the Matter of the Application of AUSTIN L. MOTT,
Respondent.
GEORGIA HARE, as Administratrix of the Estate of
MARY J. HALL, Deceased, Appellant.

Argued November 21, 1938; decided December 9, 1938.

*Georgia Hare,* in person, and *Floyd H. Wilmot* for
appellant. The Surrogate's Court has no jurisdiction
to settle a Supreme Court action involving controversies

between living persons. (*Matter of Collins*, 157 Misc. Rep. 790; *Isaacs* v. *Isaacs*, 208 App. Div. 61; *Matter of Heinze*, 179 App. Div. 453; *Matter of Thomas*, 235 App. Div. 450; *Matter of Lakner*, 143 Misc. Rep. 117.) The Surrogate's Court cannot obtain jurisdiction by acquiescence or consent. (*Matter of Mondshain*, 186 App. Div. 528; *Matter of Newham* v. *Chile Exploration Co.*, 232 N. Y. 37; *Matter of Walker*, 136 N. Y. 20; *Van Buren* v. *Harrison*, 164 Misc. Rep. 774; *Matter of Matthewson*, 210 App. Div. 572.) If the Surrogate's Court did have jurisdiction over these funds obtained in the settlement of a Supreme Court action the administration expenses should have been determined prior to the decree compelling payment of funeral expenses. (Surr. Ct. Act, § 216; *Matter of Rothstein*, 151 Misc. Rep. 466; *Matter of Lanza*, 149 Misc. Rep. 95; *Matter of Matyasz*, 151 Misc. Rep. 370; *Matter of Horn*, 151 Misc. Rep. 261; *Matter of Schoenfelder*, 161 Misc. Rep. 654.)

*Joseph F. X. Iacovino* for respondent. The decree of the Surrogate directing payment of the claim for funeral expenses was in all respects proper and should be affirmed. Under the provisions of section 216 of the Surrogate's Court Act the Surrogate acquired complete jurisdiction and had complete authority to make the decree. (*Matter of Derry*, 161 Misc. Rep. 135; *Matter of Wingersky*, 75 Misc. Rep. 79; *Patterson* v. *Patterson*, 59 N. Y. 574; *Matter of Smallman*, 138 Misc. Rep. 889; *Matter of Tierney*, 88 Misc. Rep. 347; *Matter of Kulyk*, 149 Misc. Rep. 855.)

RIPPEY, J. Mary J. Hall, late of the town of Locke, Cayuga county, died intestate on August 29, 1931. Letters of administration were issued by the Surrogate on January 6, 1932, to Georgia Hare, a creditor, under which she qualified and has since been acting. There has been no judicial settlement of the estate or proceedings therefor. The undertakers filed with the administratrix a claim for the funeral expenses of deceased. The claim was neither rejected nor paid.

Relying on the provisions of section 216 of the Surrogate's Court Act, one Austin L. Mott filed a petition with the Surrogate in which he claimed to be the assignee of the claim of the undertakers, and asked for an order directing the administratrix to pay the amount of their bill with interest from August 31, 1931. He alleged, upon information and belief, that she had moneys of the estate in her hands which were applicable to the payment of the claim. An order was issued directing the administratrix to show cause why the bill should not be paid. On the return day, the administratrix filed a verified answer in which she admitted that the undertakers had filed a claim for funeral expenses but denied that Mott was the owner of the claim. She denied that she had any moneys in her hands applicable to the payment of the bill. She further alleged that she did not engage the services of the undertakers and that Mary J. Hall had no property, real or personal, at the time of her death, having previously transferred it all to one Sam Case. She then alleged that she commenced an action in the Supreme Court (but in what capacity or by what right does not appear) to set aside the transfers and that, after much investigation including a discovery proceeding and after she had incurred expense, she and Case entered into a contract whereby the latter agreed to turn the property over to her " with the understanding that such property should be sold by the respondent [Georgia Hare], and that after the payment of all expenses of administration, funeral expenses and debts, the balance should be given to said Sam Case." Then follow allegations of the effort she had made to dispose of the property and that the liquidation thereof had not yet been completed and that the net amount available for the purposes mentioned had not been determined. Neither Case nor the heirs of the deceased were made parties. There is nothing in the record to indicate that the Supreme Court action is not still pending undetermined.

On the return of the citation, the Surrogate was required to act in accordance with the provisions of section 216 of the Surrogate's Court Act. The administratrix, by her answer, put in issue the questions of the amount and ownership of the claim and whether she had any funds of the estate in her hands from which it might be paid. The Surrogate took no proofs, failed to reserve the matter to the final accounting but, on the motion of the attorney for Mott and " *on motion of the Surrogate himself,*" ordered her to make and settle her account on or before December 16, 1937. In that order he neither fixed the amount of the funeral expenses nor ordered the bill paid.

Thereupon the administratrix filed an account in which she named heirs and creditors who were required to be cited, alleged, among other things, that she had no assets of the estate available for the payment of any claims against the estate, showed the state and condition of the transactions with Case and that the property received from him had not been liquidated or that the amount received or to be received from him had not been settled, that questions relating to the property and affecting title had not been disposed of and set up her expenses in connection with the liquidation of the Case property and with her administration of the estate. Without taking proof from either party, settling the account or fixing the expenses of administration, the Surrogate then made a decree in which he found that Mott's claim was valid and ordered it paid.

We find no evidence in the record to sustain any of the findings, orders or decrees of the Surrogate nor do we find any authority in law for the practice followed. An account having been filed in which the funeral bill was set up as a debt, there was no authority in the Surrogate under section 216 or elsewhere to order the bill paid. Section 216 provides that " such claim shall not be paid before expenses of administration are paid."

The order of the Appellate Division and the order and decree of the Surrogate's Court should be reversed and the matter remitted to the Surrogate with directions to proceed in accordance with the requirement of the provisions of section 216 of the Surrogate's Court Act, with costs in this court to the appellant Hare payable out of the estate.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.